This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-36509

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SEAN RICHARD GODKIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
John C. Bennett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Defendant Sean Godkin appeals his convictions for trafficking a controlled substance (methamphetamine) by possession with intent to distribute (NMSA 1978, § 30-31-20(A)(3) (2006)) and possession of drug paraphernalia (NMSA 1978, § 30-31-25.1(A) (2001, amended 2019)). Defendant argues his convictions must be reversed for fundamental error because the jury instruction on accomplice liability did not explicitly

inform the jury that it had to find all elements for Defendant to be guilty on that theory. We reject Defendant's argument and affirm his convictions.

**BACKGROUND**

**{2}** After the close of evidence in Defendant's trial, the district court instructed the jury on the substantive crimes of trafficking by possession with intent to distribute and possession of drug paraphernalia. Consistent with the uniform jury instructions, these instructions set out the elements of the crimes and provided that the State was required to prove beyond a reasonable doubt "each of the . . . elements of the crime[s]." *See* UJI 14-3107 NMRA; UJI 14-3111 NMRA. In addition, the district court instructed the jury on accessory liability. This instruction, which followed verbatim the uniform jury instruction in effect at the time, provided:

> [D]efendant may be found guilty of a crime even though he himself did not do the acts constituting the crime, if the [S]tate proves to your satisfaction beyond a reasonable doubt that:
>
> 1.    [D]efendant intended that the crime be committed;
>
> 2.    The crime was committed;
>
> 3.    [D]efendant helped, encouraged or caused the crime to be committed.

*See* UJI 14-2822 NMRA (2016). Defendant did not object at any time to this instruction. After deliberations, the jury returned guilty verdicts for both trafficking and possession of drug paraphernalia. The verdicts did not specify whether the jury found Defendant guilty of these crimes as a principal or an accessory.

**DISCUSSION**

**{3}** Defendant asserts that fundamental error occurred because the accessory instruction, unlike the substantive instructions, failed to inform the jury that each element had to be proven before it could find Defendant guilty as an accessory. According to Defendant, then, his convictions reflect the possibility that the jury found only that *someone* committed the crimes—even if Defendant did not intend for the crimes to be committed and/or did not help, encourage, or cause the crimes to be committed.

**I.    Standard of Review**

**{4}** We employ a two-part test when reviewing jury instructions for fundamental error. Applying the reversible-error standard, we first ask "whether a reasonable juror would have been confused or misdirected by the jury instruction." *State v. Barber*, 2004-NMSC-019, ¶ 19, 135 N.M. 621, 92 P.3d 633. Juror confusion or misdirection may occur where, through omission, a jury instruction fails to provide an accurate rendition of the

law. *State v. Anderson*, 2016-NMCA-007, ¶ 9, 364 P.3d 306. In assessing whether an ambiguous jury instruction would lead to juror confusion or misdirection, however, we must consider the instructions as a whole. *See State v. Parish*, 1994-NMSC-073, ¶ 4, 118 N.M. 39, 878 P.2d 988. Only if we conclude that a reasonable juror would have been confused or misdirected, do we move to the second part of the test "to determine whether the [d]efendant's conviction was the result of a plain miscarriage of justice." *Barber*, 2004-NMSC-019, ¶ 19 (internal quotation marks and citation omitted).

## II.      Defendant's Arguments

**{5}**      Defendant contends that the absence of specific language requiring the jury to find each of the elements of accessory liability rendered the accessory jury instruction so ambiguous that the jury would have understood it could convict Defendant for accessory liability if only one of the listed elements was met. Defendant fails, however, to examine the accessory liability instruction in light of the instructions as a whole and otherwise does little to substantiate his contention of jury confusion and misdirection. In support, Defendant cites only the fact that UJI 14-2822 (2016) was amended sometime after his trial, contending the "amendment suggests a realization that the instruction must clarify this for jurors." While our Supreme Court amended UJI 14-2822 in 2017 to include language that the state must prove each of the elements of accessory liability, as well as to incorporate other minor changes to the first two elements, there is no suggestion in the use notes, committee commentary, or annotations that the genesis of this amendment was to clear up jury confusion. *See* UJI 14-2822 NMRA. Nor do we agree with Defendant's bare assertion that the subsequent amendment necessarily means the prior version was confusing or would have led to jury misdirection. What is more, our Supreme Court previously observed that the pre-amendment version of UJI 14-2822 "correctly states the standard for a finding that a defendant is guilty as an accessory." *State v. Carrasco*, 1997-NMSC-047, ¶ 7, 124 N.M. 64, 946 P.2d 1075.

**{6}**      Defendant also briefly advances the alternative argument that the purported jury instruction error in this case is "akin" to a missing element case. *See State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72 (holding that "[t]he general rule is that fundamental error occurs when the trial court fails to instruct the jury on an essential element"). We summarily reject this contention because there is no dispute that the jury here *was* instructed on all elements of accessory liability. *See Carrasco*, 1997-NMSC-047, ¶ 7. The only question is whether a reasonable juror would have been confused or misdirected into thinking it could find Defendant guilty as an accessory on satisfaction of fewer than all the elements. As explained below, we answer this question in the negative.

## III.      The Accessory Liability Instruction in Light of the Instructions as a Whole

**{7}**      Reviewing the instructions as a whole leads us to conclude that no reasonable juror would have been confused or misdirected into believing that Defendant could be convicted as an accessory without finding all elements listed in the accessory instruction had been satisfied. First, as the State observes, language within the accessory liability

instruction itself signaled to the jury that it must find all elements. Before the elements of accessory liability were listed, the jury was informed that "[D]efendant may be found guilty of a crime even though he himself did not do the acts constituting the crime[.]" *See* UJI 14-2822 (2016). This language indicates that, even when a defendant does not commit the crime himself, there are special circumstances—as described in the first and third elements of the accessory liability instruction—in which the law nonetheless holds him liable for the crime. Given the language in the accessory liability instruction, it would be illogical for a jury to convict a defendant as an accessory based solely on the determination that someone committed the crime, as Defendant suggests.

**{8}** But even if the accessory instruction was ambiguous as to whether the jury could find Defendant guilty as an accessory upon satisfaction of fewer than all elements, another instruction resolved this ambiguity. *See Parish*, 1994-NMSC-073, ¶ 4 ("[I]f a jury instruction is capable of more than one interpretation, then the court must next evaluate whether another part of the jury instructions satisfactorily cures the ambiguity."). UJI 14-6001 NMRA, the first instruction the jury received, stated, among other things, that, "You must consider these instructions *as a whole*. You *must not pick out* one instruction or *parts of an instruction* and disregard others." (Emphases added.) With this instruction in mind, no reasonable juror reading the accessory instruction would believe that he or she could disregard any of the three elements after being informed of what the State had to prove beyond a reasonable doubt.

**{9}** Further, reading the accessory instruction as Defendant suggests would require the jurors to ignore UJI 14-6001 and insert disjunctive language between the second and third elements. Such a reading is contrary to the well-established principle that jurors are presumed to follow their instructions. *See State v. Clark*, 1989-NMSC-010, ¶ 78, 108 N.M. 288, 772 P.2d 322 (recognizing the "presumption that jurors will adhere to their instructions . . . and not pick out one instruction or parts of an instruction or instructions and disregard others" (internal quotation marks and citation omitted)).

**{10}** For these reasons, we conclude that no reasonable juror would have been confused or misdirected by the accomplice liability instruction, and our inquiry is at an end. *See Barber*, 2004-NMSC-019, ¶ 19.

**CONCLUSION**

**{11}** We affirm Defendant's convictions.

**{12} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**